UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODNEY S. PERRY, SR.,

    Plaintiff,

v.   CAUSE NO. 3:22-CV-629-DRL-MGG

D. HAWKINS,

    Defendant.

OPINION AND ORDER

    Rodney S. Perry, Sr., a prisoner without a lawyer, filed a complaint against D. Hawkins. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

    Mr. Perry alleges that D. Hawkins was the supervisor of the property department at Indiana State Prison. When Mr. Perry arrived at ISP, Mr. Hawkins took possession of Mr. Perry's legal and religious materials. Mr. Perry was housed in segregation, and he requested both his legal materials and religious materials. He was provided with some of his legal materials, but they weren't what he needed. Thus, he was forced to purchase copies of certain documents from the courts. He wasn't provided with his religious

material. Mr. Perry speculates that, at some point, Mr. Hawkins destroyed his religious materials.[1]

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Moreover, the United States Supreme Court has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). Giving Mr. Perry the benefit of all reasonable inferences, as the court must at this juncture, he has stated a claim against Mr. Hawkins.

The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42

---

[1] Mr. Perry made nearly identical allegations against Mr. Hawkins in another pending case: *Perry v. Neal*, 3:22-CV-272 (filed Apr. 5, 2022). However, Mr. Perry later amended his complaint and omitted these allegations.

U.S.C. § 2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015). Although money damages and injunctive relief are available under the First Amendment, only injunctive relief is available against state officials under RLUIPA. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). Mr. Perry's allegations also state a claim under RLUIPA. However, the warden is the proper defendant for purposes of injunctive relief. See *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2022) ("The warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out."). Therefore, Mr. Perry won't be granted leave to proceed against Mr. Hawkins on this claim, but the clerk will be directed to add Warden Ron Neal as a defendant, and Mr. Perry will be granted leave to proceed against Warden Neal on a RLUIPA claim.

Though Mr. Perry's complaint makes occasional reference to his legal materials, the primary focus of the complaint is his religious rights. To the extent he intended to bring a claim based on access to the courts, he will not be granted leave to proceed. Prison officials violate the Constitution only if they deprive a prisoner of the opportunity to present or prosecute a specific non-frivolous claim. *Lewis v. Casey*, 518 U.S. 343, 353 (1996). "[A] delay becomes an injury only if it results in actual substantial prejudice to specific litigation." *Johnson v. Barczak*, 338 F.3d 771, 773 (2003) (quotation mark omitted). Here, Mr. Perry has not alleged that he was either prejudiced or prevented from presenting a non-frivolous claim, and he has alleged no facts that could support such an inference. He has alleged only that he had to purchase certain copies that he was unable to obtain from Mr. Hawkins. This allegation does not state a claim.

For these reasons, the court:

(1) ORDERS the clerk to add Warden Ron Neal as a defendant;

(2) GRANTS Rodney S. Perry, Sr. leave to proceed against D. Hawkins in his individual capacity for monetary damages for impeding the exercise of his religion by depriving him of his religious materials without a legitimate penological objective, in violation of the First Amendment;

(3) GRANTS Rodney S. Perry, Sr. leave to proceed against Warden Ron Neal in his official capacity for injunctive relief to obtain religious materials so he can exercise of his religion by depriving him of his religious materials, if the restrictions are not the least restrictive means of furthering a compelling governmental interest, in violation of RLUIPA;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) D. Hawkins and Warden Ron Neal at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), D. Hawkins and Warden Ron Neal to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

March 31, 2023                                        *s/ Damon R. Leichty*
                                                                        Judge, United States District Court